UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH PUCKETT, | ) | 1:08-cv-1384-LJO-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED IN FORMA |
| | ) | PAUPERIS (DOC. 1) |
| v. | ) | |
| | ) | ORDER DISMISSING PLAINTIFF'S |
| CHIEF OF POLICE DYER, et al., | ) | COMPLAINT WITH LEAVE TO FILE AN |
| | ) | AMENDED COMPLAINT NO LATER THAN |
| Defendants. | ) | THIRTY DAYS AFTER THE DATE OF |
| | ) | SERVICE OF THIS ORDER (DOC. 3) |
| | ) | |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Application to Proceed in Forma Pauperis

Plaintiff filed an application to proceed in forma pauperis on September 16, 2008. Plaintiff has submitted a declaration and attachments that make the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915(a).

1

/////

///////

II. <u>Screening the Complaint</u>

   A. <u>Legal Standards</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the

2

1  liberal pleading standard... applies only to a plaintiff's
2  factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9
3  (1989).
4      In reviewing a complaint under this standard, the Court must
5  accept as true the allegations of the complaint in question,
6  <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740
7  (1976), construe the pro se pleadings liberally in the light most
8  favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447
9  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
10 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).
11     Although a complaint attacked by a Rule 12(b)(6) motion to
12 dismiss does not need detailed factual allegations, a plaintiff
13 does not meet his or her obligation to provide the grounds of
14 entitlement to relief by supplying only conclusions, labels, or a
15 formulaic recitation of the elements of a claim. <u>Bell Atlantic
16 Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007). Factual
17 allegations must be sufficient, when viewed in light of common
18 experience, to raise a right to relief above the speculative
19 level and to provide plausible grounds to suggest and infer the
20 element, or to raise a reasonable expectation that discovery will
21 reveal evidence of the required element. <u>Bell</u>, 127 S.Ct. at 1965.
22 Once a claim has been stated adequately, it may be supported by
23 showing any set of facts consistent with the allegations of the
24 complaint, and it may not be dismissed based on a court's
25 assessment that the plaintiff will fail to find evidence to
26 support the allegations or prove the claim to the satisfaction of
27 the finder of fact. <u>Bell</u>, 127 S.Ct. at 1969.
28     If the Court determines that the complaint fails to state a

1  claim, leave to amend should be granted to the extent that the
2  deficiencies of the complaint can be cured by amendment. Lopez v.
3  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal
4  of a pro se complaint for failure to state a claim is proper only
5  where it is obvious that the Plaintiff cannot prevail on the
6  facts that he has alleged and that an opportunity to amend would
7  be futile. Lopez v. Smith, 203 F.3d at 1128.
8      A claim is frivolous if it lacks an arguable basis either in
9  law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
10 frivolous claim is based on an inarguable legal conclusion or a
11 fanciful factual allegation. Id. A federal court may dismiss a
12 claim as frivolous if it is based on an indisputably meritless
13 legal theory or if the factual contentions are clearly baseless.
14 Id.
15     The test for malice is a subjective one that requires the
16 Court to determine whether the applicant is proceeding in good
17 faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46
18 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.
19 1986). A lack of good faith is most commonly found in repetitive
20 suits filed by plaintiffs who have used the advantage of cost-
21 free filing to file a multiplicity of suits. A complaint may be
22 inferred to be malicious if it suggests an intent to vex the
23 defendants or abuse the judicial process by relitigating claims
24 decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309
25 (D.C.Cir. 1981); if it threatens violence or contains
26 disrespectful references to the Court, id.; or if it contains
27 untrue material allegations of fact or false statements made with
28 knowledge and an intent to deceive the Court, Horsey v. Asher,

4

1  741 F.2d 209, 212 (8th Cir. 1984).

### B. Plaintiff's Complaint

Plaintiff sues Fresno City Chief of Police Dyer; an unnamed short, Mexican officer; and Fresno City Police Officer Whittle for over a quarter of a million dollars, alleging that on an unstated date, Defendants violated Plaintiff's rights to protection against unlawful searches and seizures under the Fourth Amendment and protection against cruel and unusual punishment pursuant to the Eighth Amendment. Plaintiff alleges that an unspecified officer grabbed him and a companion from a car without a right to do so, searched the vehicle illegally, introduced a bottle into the car, and found marijuana in the car. Both officers used excessive force by slamming Plaintiff to the ground; Officer Whittle searched Plaintiff's pocket and found two pills consisting of a controlled substance as to which Plaintiff at an unstated time had evidence of a prescription.

Plaintiff also alleged that the officers behaved in an unprofessional manner towards his female companion, who is not a party to this action.

### C. Civil Rights Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state

5

law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Further, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, in order for a person acting under color of state law to be liable under § 1983, the person must be shown to have personally participated in the alleged deprivation of rights; there is no respondeat superior liability. Bell v. Clackamas County, 341 F.3d 858, 867 (9th Cir. 2003).

Here, Plaintiff does not specify the date or time of the incident; in view of Plaintiff's allegation that he has been arrested multiple times with excessive force, the Court concludes that such data are important in order to give adequate notice of the claims to Defendants.

Plaintiff does not specify which officer grabbed Plaintiff and pulled him out of the car or placed the bottle in the car. To

6

the extent that the identity of the officer performing various acts is uncertain, the complaint is uncertain.

Plaintiff names Police Chief Dyer as a defendant, but he does not specify whether or not the chief is sued in his official capacity. If sued in his official capacity, the city, his governmental employer, appears to be the actual real party in interest. Hafer v. Melo, 502 U.S. 21, 25 (1991).

Further, even if sued in his individual capacity, the chief does not appear to have participated in the events in question. Although Plaintiff alleges that there have been multiple arrests or events in which Fresno City police officers used excessive force, he does not give specifics of the instances to which he refers and alleges at best a "pattern" of excess. (Cmplt., first page attached to form.) Thus, Plaintiff has not stated a claim against the chief of police.

Plaintiff asserts in the form of legal conclusions that his Fourth and Eighth Amendment rights were violated by the searches and the officers' use of excessive means during the arrest. With the exception of the general conduct of the officers, Plaintiff does not specify the facts that give rise to such a conclusion. Plaintiff states, for example, that he was not on probation and parole when he was removed from the car and searched; however, he does not address the facts pertinent to the reasonableness of the search or the presence or absence of probable cause, such as what facts the officers knew. Plaintiff's complaint fails to set forth sufficient matter to permit appropriate consideration of the factors pertinent to determining the reasonableness of the search and of the force used, such as the presence or absence of a

warrant, whether the Plaintiff resisted or fled or was armed, the presence of an immediate threat to the safety of the officers or others, how many persons were involved at each point, whether the Plaintiff was sober, whether other dangerous or exigent circumstances existed at the time of the arrest, the nature of the arrest charges, etc. See, e.g., Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994). Plaintiff has not stated sufficient factual matter to permit an assessment of the gravity of the intrusion effected by the type and amount of force used or of the importance of the governmental interest at stake; likewise, there is not enough to permit balancing of the government's need and interest against the gravity of the intrusion. See, Miller v. Clark County, 340 F.3d 959, 964 (9th Cir. 2003). However, with respect to evaluating the facts under a standard of objective reasonableness, Graham v. Connor, 490 U.S. 386, 395-96 (1989), it is possible that Plaintiff can state facts that would give rise to a claim for relief. See, e.g., Robinson v. County of Solano, 278 F.3d 1007 (9th Cir. 2002).

Plaintiff refers to having a prescription for pills, to marijuana, and to medication. It is possible that Plaintiff is positing a right to possession of the pills or marijuana based on state law. The Court notes that under federal law, marijuana has been declared to be of no medicinal use and criminalizes its possession and cultivation under essentially all circumstances. See, Gonzales v. Raich, 545 U.S. 1, 27-29 (2004) (affirming congressional power under the Commerce Clause to prohibit marijuana production and possession notwithstanding its medicinal benefits or state laws to the contrary). It is only federally

protected rights that may be the basis of a complaint pursuant to § 1983.

Finally, Plaintiff refers to a claim under the Eighth Amendment based on the conduct of both officers, who allegedly asked Plaintiff to stand while he was handcuffed and then rushed Plaintiff and slammed him back on the ground.

First, it is not clear, but this conduct appears to have been part and parcel of the detention and arrest itself, as distinct from a separate incarceration; thus, Fourth Amendment standards may constitute the appropriate criteria for assessing any violation of Plaintiff's rights.

Further, it is not clear, but it is likely that Plaintiff's claim is legally insufficient to constitute a violation of the Eighth Amendment because it involves the de minimis use of force. The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff will have an opportunity in an amended complaint

to set forth additional facts that, when viewed in light of common experience, raise a right to relief above the speculative level and provide plausible grounds to suggest and infer the elements of the claim, or raise a reasonable expectation that discovery will reveal evidence of the required elements of the claim.

In summary, with respect to Fourth Amendment and Eighth Amendment claims of violations of Plaintiff's rights, it is necessary for the Plaintiff to state sufficient facts to provide notice of the claims and to set forth the involvement of each specific defendant in the deprivation of each federally protected right.

Finally, with respect to the allegations concerning Plaintiff's female companion, it is established that Plaintiff must be the real party in interest with respect to the claim upon which he sues. Fed. R. Civ. P. 17(a). Plaintiff must demonstrate that he suffered an injury that was caused by the defendants' unlawful conduct that could be redressed by a favorable outcome in the suit. With respect to any injuries to Plaintiff's female companion, Plaintiff is not the real party in interest; thus, the claims concerning the companion are not properly before the Court.

III. <u>Amendment of the Complaint</u>

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against the defendants. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle

10

him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it IS ORDERED that:

1) Plaintiff's complaint IS DISMISSED with leave to amend; and

2) Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended

complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:  October 17, 2008**                 /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE