UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT,<br><br>        Plaintiff,<br><br>   v.<br><br>CHIEF OF POLICE DYER, et al.,<br><br>        Defendants. | 1:08-cv-1384-LJO-SMS<br><br>ORDER DIRECTING PLAINTIFF TO FILE A STATEMENT OF INTENTION TO PROCEED ON THE FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, TO FILE A SECOND AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Pending before the Court is Plaintiff's first amended complaint (FAC), filed on January 27, 2009, in response to the Court's order of October 20, 2009, dismissing the original complaint with leave to amend.

I. <u>Screening the Complaint</u>

    A. <u>Legal Standards</u>

1

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard... applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).

In reviewing a complaint under this standard, the Court must

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff does not meet his or her obligation to provide the grounds of entitlement to relief by supplying only conclusions, labels, or a formulaic recitation of the elements of a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be sufficient, when viewed in light of common experience, to raise a right to relief above the speculative level and to provide plausible grounds to suggest and infer the element, or to raise a reasonable expectation that discovery will reveal evidence of the required element. Bell, 127 S.Ct. at 1965. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint, and it may not be dismissed based on a court's assessment that the plaintiff will fail to find evidence to support the allegations or prove the claim to the satisfaction of the finder of fact. Bell, 127 S.Ct. at 1969.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only

3

where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

      B. Plaintiff's First Amended Complaint

Plaintiff's FAC consists of a copy of his original complaint, augmented with a page of additional allegations in

narrative form (FAC p. 2), a page of a further statement of a claim (FAC p. 4), and a "DECLARATION OF JOSEPH PUCKETT" that lacks a separate jurat (FAC p. 6). An exhibit that appears to be a page from a book concerning the Fourth Amendment is also attached. (FAC p. 8.)

Plaintiff sues Fresno City Chief of Police Dyer. He also names an Officer Whittle or Whittle of the Fresno Police Department (FAC pp. 3, 5), who is described as a black police officer (FAC p. 5); and Plaintiff refers to an unnamed, short, Mexican officer who looked as big as "the other one." (FAC p. 5.)

No allegations concerning specific conduct of any actor involved in an alleged application of force are directly connected to any particular named or described officer, but it can be inferred that Officer Whittle and the short Mexican officer are the two officers who participated in an incident that Plaintiff states occurred on January 1, 2008. (FAC p. 2.)[1]

Plaintiff alleges that he was not on probation or parole at the time, he had no weapons, he did not resist arrest, and the officer had no right even to ask Plaintiff his name; however, an unspecified officer snatched or grabbed him and a companion from a car without a right to do so and searched Plaintiff without asking permission. (FAC pp. 2, 4, 5.) Plaintiff states that Officer Whittle put his hand in Plaintiff's pocket and removed two pills that were prescribed by a doctor for Plaintiff's constant pain. (FAC pp. 2, 5.)

Plaintiff alleges that during that incident, one officer

---

[1] The date is handwritten, and the figure "8" is difficult to read, but it appears that Plaintiff is alleging that the date of the incident was "1-1-08." (FAC p. 2, fourth line from the bottom of the page.)

5

asked Plaintiff to stand up at a time when he was already handcuffed; when Plaintiff stood up or tried to stand up, he was rushed by the other officer and knocked back down to the ground; then the officer who asked Plaintiff to stand joined in striking Plaintiff for his having stood up or having tried to stand up. (FAC pp. 2, 4.)

Plaintiff seeks compensatory damages for medical costs of $2,531.15 as well as punitive damages for his pain and suffering (Cmplt. p. 5), but Plaintiff does not provide any details concerning what, if any, injuries were caused by the alleged misconduct, or the extent of the injuries. Plaintiff does not allege specific facts that connect the medical costs with the alleged incident, although it may be reasonably inferred that the medical costs resulted from the alleged misconduct of the officers.

Plaintiff further alleges that for filing a lawsuit against the Fresno Police Department (apparently a reference to the present case), he is "constantly" being harassed by unspecified law enforcement officials, suffers violations of rights, and is taken to jail every time he comes into contact with the Fresno Police Department. (FAC pp. 2, 4.)

Plaintiff also alleged that the officers behaved in an unprofessional manner towards his female companion, who is not a party to this action. Because she is not a party to this action, allegations concerning her are not addressed.

Plaintiff asserts that Defendants violated Plaintiff's rights to protection against unlawful searches and seizures under the Fourth Amendment and protection against cruel and unusual

punishment pursuant to the Eighth Amendment.

### C. Civil Rights Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Further, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, in order for a person acting under color of state law to be liable under § 1983, the person must be shown to have

7

personally participated in the alleged deprivation of rights; there is no respondeat superior liability. <u>Bell v. Clackamas County</u>, 341 F.3d 858, 867 (9th Cir. 2003).

          D. <u>Fourth Amendment Claim against the Two Officers concerning the Seizure and Search of Plaintiff</u>

Under the Fourth Amendment, made applicable to the States by the Fourteenth Amendment, <u>Mapp v. Ohio</u>, 367 U.S. 643 (1961), the people are to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. U.S. Const., Amdt. 4; <u>Maryland v. Pringle</u>, 540 U.S, 366, 369 (2003). An officer may arrest a person without a warrant if there is probable cause to believe that the person has committed or is committing an offense. <u>Michigan v. DeFillippo</u>, 443 U.S. 31, 36 (1979). "Probable cause" to justify an arrest means facts and circumstances within the officer 's knowledge that are sufficient to warrant a prudent person in believing, in the circumstances shown, that the person has committed, is committing, or is about to commit an offense. <u>Id.</u> at 37. Probable cause to search is present where the facts and circumstances known to the officer conducting the search are sufficient to warrant persons of reasonable prudence in the belief that contraband or evidence of a crime will be present. <u>Brinegar v. United States</u>, 338 U.S. 160, 175-76 (1949). Each case is determined on its own specific facts and circumstances. <u>Ornelas v. United States</u>, 517 U.S. 690, 695-96 (1996). It is the concrete factual circumstances of a case that will determine the scope of the Fourth Amendment's reach. <u>Terry v. Ohio</u>, 392 U.S. 1, 29 (1968).

Further, a "seizure" under the Fourth Amendment occurs when

there is a governmental termination of freedom of movement through means intentionally applied. Scott v. Harris, 550 U.S. 372, 381 (2007). A claim of excessive force in the course of making a seizure of the person is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. Id.

Here, Plaintiff has alleged that he was not on probation and parole, and he was approached, pulled from a car under circumstances such that the officers had no right to intrude, subjected to a search, and subjected to excessive force during what appears to have been a seizure of Plaintiff. Plaintiff appears to have stated a claim against the two officers, consisting of Officer Whittle, and of another officer described as a short, Mexican officer, for a violation of Plaintiff's Fourth Amendment rights based on excessive force.

### 1. Doe Defendant

Plaintiff has not formally named any "Doe" defendants in his complaint. However, it is clear from the allegations in the FAC that Plaintiff has linked two officers to the alleged misconduct, but Plaintiff knows the identity of only one such officer, Officer Whittle. Plaintiff can only describe the second officer. The inclusion of a Doe defendant under these circumstances is permissible, as Plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of the second defendant is known through discovery or other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

Accordingly, the Court concludes that it is appropriate to

construe Plaintiff's FAC as containing allegations of Fourth Amendment violations against Officer Whittle, and also against one unnamed defendant who IS DEEMED to be a "Doe" defendant as to whom service of process would be appropriate upon ascertainment of the defendant's identity through discovery.

### 2. Wrongful Arrest

It is not clear whether Plaintiff stated a claim for wrongful seizure or search based on a lack of probable cause to stop, search, or arrest for a specific offense, such as possession of a drug for which Plaintiff had a prescription, as distinct from, or in addition to, a claim for wrongful seizure or search based only on the use of excessive force. This is because Plaintiff has not stated whether or not Plaintiff was accused of any crimes and/or was convicted of any criminal charges in connection with the incident in which Plaintiff was searched and seized by the two officers.

If Plaintiff was convicted of offenses based on his possession of drugs or other conduct involved in the confrontation of which he complains in this action, then any claim of wrongful arrest that Plaintiff might have against either of the officers would be barred pursuant to Heck v. Humphrey unless Plaintiff can allege that any conviction has been invalidated. When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

corpus, 28 U.S.C. § 2254." <u>Heck v. Humphrey</u>, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." <u>Id</u>. at 488. Under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), a § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable until and unless the plaintiff can prove that his conviction or sentence has been reversed on direct appeal. The <u>Heck</u> principle applies to claims that would necessarily imply the invalidity of any conviction that might have resulted from the prosecution of the dismissed charge, including pending charges in addition to actual convictions. <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1013-14 (9th Cir. 2000). It applies generally to charges of unlawful or false arrest (as distinct from an arrest that is wrongful only because of the use of excessive force). <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 380 (9th Cir. 1998); <u>Harvey v. Waldron</u>, 210 F.3d at 1014-15.

Here, Plaintiff has not alleged that he was convicted of any specific offenses. However, if Plaintiff was convicted of any offenses, any Fourth Amendment claim based on the wrongfulness of the seizure or search that necessarily implied the invalidity of any conviction would be barred unless Plaintiff can allege that the conviction was invalidated.

E. <u>No Claim Stated against the Police Chief</u>

Plaintiff names the Chief of Police, "Dyer," on the face of the FAC. However, Plaintiff does not specify the capacity in which he is named or allege that Chief Dyer engaged in any conduct of which Plaintiff complains.

11

1. If sued in his official capacity, the city, his governmental employer, appears to be the actual real party in interest. <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991).

Further, even if sued in his individual capacity, the chief does not appear to have participated in the events in question. Although Plaintiff alleges that there have been multiple arrests or events in which Fresno City police officers used excessive force, he does not give specifics of the instances to which he refers and alleges at best a "pattern" of excess. (Cmplt., first page attached to form.) He does not allege any specific conduct on the part of the chief of police.

However, it is established that in order for a person acting under color of state law to be liable under § 1983, the person must be shown to have personally participated in the alleged deprivation of rights; there is no respondeat superior liability. <u>Bell v. Clackamas County</u>, 341 F.3d 858, 867 (9th Cir. 2003).

The Court concludes that Plaintiff has not stated a claim against the chief of police.

### F. <u>No Claim for Violation of State Right</u>

Plaintiff refers to having a prescription for pills, to marijuana, and to medication. It is possible that Plaintiff is positing a right to possession of the pills or marijuana based on state law. The Court notes that under federal law, marijuana has been declared to be of no medicinal use and criminalizes its possession and cultivation under essentially all circumstances. <u>See</u>, <u>Gonzales v. Raich</u>, 545 U.S. 1, 27-29 (2004) (affirming congressional power under the Commerce Clause to prohibit marijuana production and possession notwithstanding its medicinal

benefits or state laws to the contrary). It is only federally protected rights that may be the basis of a complaint pursuant to § 1983.

### G. No Separate Eighth Amendment Claim

Plaintiff refers to a claim under the Eighth Amendment based on the conduct of both officers, who allegedly asked Plaintiff to stand while he was handcuffed and then rushed Plaintiff and slammed him back on the ground.

Given the nature of the allegations, it is not clear, but this conduct appears to have been part and parcel of the detention or seizure and search themselves, as distinct from a separate incarceration. A "seizure" under the Fourth Amendment occurs when there is a governmental termination of freedom of movement through means intentionally applied. Scott v. Harris, 550 U.S. 372, 381 (2007). A claim of excessive force in the course of making a seizure of the person is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. Id. Therefore, without further factual development in the case, it is concluded that Fourth Amendment standards, which have been previously addressed, appear to constitute the appropriate criteria for assessing any violation of Plaintiff's rights.

### H. No Claim Stated for Retaliation

Plaintiff alleges that for filing a lawsuit against the Fresno Police Department (apparently a reference to the present case), he is "constantly" being harassed by unspecified law enforcement officials, suffers violations of rights, and is taken to jail every time he comes into contact with the Fresno Police Department. (FAC pp. 2, 4.)

Plaintiff's allegations are so general that they cannot give any defendant notice of the nature and extent of Plaintiff's claim. Plaintiff has not identified the specific actors, actions, times, dates, circumstances, and so forth that would be needed for Plaintiff's claims to be clear. The Court notes that the First Amendment generally prohibits government officials from subjecting a person to retaliatory actions, including criminal prosecutions, for engaging in constitutionally protected speech. Harman v. Moore, 547 U.S. 250, 256 (2006). The contexts of the alleged actions are not clear. However, a claim of retaliation for a prisoner's exercise of First Amendment rights entails five basic elements: 1) a state actor took some adverse action against an inmate 2) because of 3) the prisoner's protected conduct, and the action 4) chilled the inmate's exercise of his First Amendment rights, and 5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, there are no facts stated regarding the actors, actions taken, or of any chilling injury suffered by the Plaintiff. Plaintiff has not stated a claim for retaliation.

II. Disposition

In summary, the Court concludes that Plaintiff has stated a claim against Officer Whittle and against one unnamed defendant, deemed to be a "Doe" defendant, for violation of Plaintiff's Fourth Amendment rights based on excessive force applied during the course of a seizure and search.

However, despite having been given an opportunity to amend once, Plaintiff has not stated a claim against the chief of

police.

Further, although Plaintiff may be attempting to state a claim for unreasonable seizure and/or search based on an absence of probable cause or grounds therefor, Plaintiff has not affirmatively alleged that any charges and/or convictions relating to the events in question have been invalidated, and thus Plaintiff has not stated a claim for wrongful search, arrest, and/or prosecution. However, it is possible that Plaintiff could allege the facts required in order to state such a claim.

Finally, Plaintiff has not stated a claim for retaliation against any defendant.

Plaintiff is given leave <u>either</u> to proceed on the first amended complaint (FAC), <u>or</u> to file a second amended complaint.

If Plaintiff chooses to proceed on the presently filed first amended complaint, the Court will direct service of the complaint on Defendant Twittle, and, as the action proceeds, Plaintiff can undertake discovery to discover the identity of the unnamed "Doe" defendant who acted with Defendant Twittle, who upon discovery may be named in an amended pleading and served.

If Plaintiff chooses to file a second amended complaint, Plaintiff can restate the excessive force claims he has stated and may attempt to cure the defects in other claims he has attempted to state. The Court will screen any such amended complaint before service is ordered.

Therefore, Plaintiff IS DIRECTED to file no later than thirty days after the date of service of this order either

    1) A statement of intention to proceed on the first amended

complaint; or

2) A second amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action; and

3) Plaintiff IS INFORMED that a complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

In addition, Plaintiff IS INFORMED that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. **Plaintiff is warned that "[a]ll causes**

**of action alleged in an original complaint which are not alleged in an amended complaint are waived.**" King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. Failure to cure the deficiencies may result in dismissal of this action without leave to amend.

Finally, Plaintiff IS INFORMED that a failure to file a statement of intention to proceed on the original complaint or an amended complaint in a timely manner, or to seek an extension of time before the due date, will be considered a failure to comply with an order of the Court and will result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

**Dated:   May 1, 2009**          /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE